UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 16-cv-20269-KMM

VENTURES TRUST 2013-I-H-R BY MCM CAPITAL PARTNERS, LLC ITS TRUSTEE,
    Plaintiff,
vs.

FARFOURA M. RIZK, TRUSTEE OF THE FARFOURA M. RIZK LIVING TRUST DATED AUGUST 1, 2006; FARFOURA M. RIZK; UNKNOWN SPOUSE OF FARFOURA M. RIZK; R.R.FIU., LLC; CITIBANK (SOUTH DAKOTA), N.A.; UNKNOWN TENANT #1, UNKNOWN TENANT #2,
    Defendants.
_____

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND MOTION FOR ENLARGEMENT OF TIME TO SERVE

**COMES NOW** the Plaintiff, **VENTURES TRUST 2013-I-H-R BY MCM CAPITAL PARTNERS, LLC ITS TRUSTEE**, (hereinafter "Plaintiff') and moves this court, under Federal Rule of Civil Procedure 4(m) to find Good Cause as to why service has not been perfected and to grant an enlargement of time to perfect service, and in furtherance thereof says as follows:

### BACKGROUND

1. This is a mortgage foreclosure and breach of contract action.

2. On or about July 25, 2006, the Defendant, Farfoura M. Rizk, executed and delivered a Promissory Note and then, executed a Mortgage securing the Note and using the Property as the collateral.

3. On or about January 22, 2016, the Plaintiff filed this action.

15-00650-F

4. There are seven Defendants named in this action for whom summons were issues on January 25 and January 28 (DE 7 and DE 12).

5. Plaintiff employed a process server to use all available public records to locate and perfect service on the Defendants.

6. Plaintiff asserts that it can show Good Cause as to why service has not been perfected and the time to perfect service should be enlarged.

## LEGAL AUTHORITY

7. F.R.C.P. 4(m) provides that service on all defendants must be completed or Good Cause as to why must be shown to the Court.

8. Good Cause "exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Celio Hernandez-Sabillion v. Naturally Delicious,* 9:15-cv-80812 ( citing *Lepone-Dempsey v Carroll Cty. Comm'rs,* 476 F.3d 1277)

9. In *Liva v. Mendolia,* 9:13-cv-81047-KAM, the Court found that retaining a process server and searching all available public records was a demonstration of Good Cause to enlarge the time to perfect service.

10. Additionally, Rule 4(m) specifically excluded service on Defendants outside of the Country and Plaintiff has recently been provided an address for Defendants upon whom service is being sought reside outside of the United States, specifically, Farfoura M Rizk, Farfoura M. Rizk, as Trustee, and the Unknown Spouse of Farfoura M. Rizk reside in Lebanon.

## ARGUMENT AS TO PARTIES NOT WITHIN THE UNITED STATES

15-00650-F

11. Plaintiff's Process Server received the Summons on January 27, 2016 and attempted service on February 16, 2016 and February 29, 2016.

12. After the Summons was issued, Plaintiff hired a process server to utilize all available public records to locate and perfect service on the Defendants.

13. This Process server, utilizing the public records, attempted service twice on Farfoura M. Rizk, Farfoura M. Rizk as trustee and the unknown Spouse of Farfoura M. Rizk. See attached Returns of Service. See Exhibits A,B,C,D,E, & F.

14. Plaintiff filed a Motion to Permit Service by Publication on April 11, 2014 (DE 15) which was denied only for failure to attach a proposed order (DE 17).

15. Plaintiff was in the process or resubmitting the Motion (DE 15) to include an Order when attorney Michael Rose, provided an address in Lebanon for the Farfoura M. Rizk, Farfoura M. Rizk as Trustee and the unknown Spouse of Farfoura M. Rizk.

16. Lebanon is not a signatory of the Hague Service Convention and therefore the only way to obtain service on them is through the use of Letters Rogatory.

17. As Plaintiff has made good faith efforts and only recently been informed of the fact that Defendant's reside outside of the Country, the requirements of F.R.C.P. 4(m) do not apply to Farfoura M. Rizk, Farfoura M. Rizk as Trustee and the Unknown Spouse of Farfoura M. Rizk and the Court should grant an extension of time for them to be served.

**ARGUMENT AS TO PARTIES WITHIN THE UNITED STATES-BAD ADVICE**

18. As with the International Defendants, as soon as the summons were issued, Plaintiff retained the service of a Process Server to use all available public records to locate and perfect service on the domestic Defendants.

15-00650-F

19. As to the Unknown Tenant 1 & 2, the Process Server went to the property and made several attempts to serve the occupants but was informed, incorrectly, that the occupants were "caretakers" and therefore, not tenants.

20. Pursuant to the Returns of Service on the Unknown Tenant 1 and Unknown Tenant 2, the Process Server spoke to Michael Rose, a non party to this action, and was given bad advice that the occupants were "caretakers". See attached Returns of Service as Exhibits G & H.

21. Plaintiff was not dilatory in hiring the Process Server as they received the Summons within 5 days of the issuance of same.

22. Plaintiff's failure to perfect service is not due to normal inadvertence or negligence as the Process server was led astray by bad information.

23. Under the relevant case law, to wit, *Hernandez-Sabillon v. Naturally Delicious*, this is precisely the type of basis for a finding of Good Cause as to why the extension of time to perfect service should be granted.

**ARGUMENT AS TO PARTIES WITHIN THE UNITED STATES- GOOD CAUSE SHOWN THROUGH EXHAUSTIVE EFFORT**

24. Plaintiff as soon as the summons were issued, as with the International Defendants and other domestic Defendants, retained the service of a Process Server to use all available public records to locate and perfect service on the Defendant R.R. FIU.,LLC.

25. Pursuant to the Returns of Service attached as Exhibits I, J, K, & L, the Process server made 4 attempts to perfect service on this Defendant LLC.

15-00650-F

26. Plaintiff's Process Server attempted Service initially at Registered Agent Address pursuant to the records of the Florida Department of State; Division of Corporations ( attached as Exhibit M), on February 4, 2016. See Attached Exhibit I.

27. The Plaintiff's Process Server then made inquiry into the Public Records to attempt to serve the Registered Agent, Elias Moussa, at other addresses associated with him, to wit;

    a. 540 Brickell Key Dr, Apt 1811, Miami, FL 33131 on February 24, 2016, See Ex J.

    b. 128 NE 2 nd Ave, Miami, Fl 33132 on March 9, 2016, See Ex K.

    c. 4721 NW 183rd Street, Miami, FL, 33055 on April 6, 2016, See Ex L.

28. This Defendant, R.R.FIU.LLC is required to have a registered Agent and mailing address. Notwithstanding this requirement, Plaintiff's Process server went to the mailing Address and conducted reasonable inquiry to the other addresses of the Registered Agent and was unable to perfect service due to Defendant's noncompliance with the registered Agent and concealment.

29. Plaintiff was not dilatory in hiring a Process Server as the Server received the Summons 5 days after issuance of same.

30. Plaintiff made significant effort to perfect service on the Defendant and, but for, Defendant, R.R.FIU.LLC.'s non-compliance with Department of State registration requirements, Plaintiff would have perfected service.

31. Furthermore, Plaintiff's process server has executed an affidavit of Due and Diligent Search documenting the efforts made in attempting service on Defendant, R.R.FIU.LLC. See Attached Exhibit N.

32. Based on the foregoing, Plaintiff respectfully submits that it has met its burden to show Good Cause as to why the Court should not dismiss these parties and should extend time to perfect service.

WHEREFORE the Plaintiff requests this court enter its order finding that Good Cause has been shown as to the lack of service on the remaining Defendants, Farfoura M. Rizk, Farfoura M. Rizk as Trustee, Unknown Spouse of Farfoura M. Rizk, Defendant, R.R.FIU.LLC and Unknown Tenant 1 and Unknown Tenant 2 and granting an extension of time to serve the Domestic Defendants and finding that the international Defendants can be served according to 28 U.S.C. §1608, Rule 4(f) and Rule 4(j)(1).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Electronic Mail pursuant to Rule 2.516. Fla. R. Jud. Admin. And /or by U.S. Mail to any other parties in accordance with the attached service list this 28th day of April, 2016.

　　　　/s/Orlando DeLuca　　　　　　
**Orlando DeLuca, Esq**
**DELUCA LAW GROUP, PLLC**
2101 NE 26th Street
Fort Lauderdale, Florida 33305
Bar Number: 719501
Phone: (954) 368-1311Fax: (954) 200-8649
Email: service@delucalawgroup.com

15-00650-F

## SERVICE LIST

Farfoura M. Rizk, Trustee Of the
Farfoura M. Rizk Living Trust Dated
August 1, 2006,
640 Sabal Palm Road
Miami, FL 33137

R.R.FIU., LLC
c/o Elias Moussa
152 NE 1st Avenue
Miami, FL 33132

Citibank (South Dakota), N.A
701 East 60th Street North
Sioux Falls, SD 57117

Farfoura M. Rizk
640 Sabal Palm Road
Miami, FL 33137

Unknown Spouse of Farfoura M. Rizk
640 Sabal Palm Road
Miami, FL 33137

Unknown Tenant #1
640 Sabal Palm Road
Miami, FL 33137

Unknown Tenant #2
640 Sabal Palm Road
Miami, FL 33137

15-00650-F